**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. <u>17-60301-CR-WPD(s)</u>**

**UNITED STATES OF AMERICA**

**v.**

**ANDRES MENCIA,**

    **Defendant.**
_____/

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>

COMES NOW, Andres Mencia, by and through undersigned counsel, and pursuant to Rule 30 of the Federal Rules of Criminal Procedure, respectfully requests that the following jury instructions be given at trial in the above-styled cause. The Defense also respectfully requests that it be informed prior to closing arguments which instructions the Court will accept and those it will reject.

        Respectfully submitted,

        MARCOS BEATON
        BLACK, SREBNICK, KORNSPAN & STUMPF, PA

        By:    */s/ Marcos Beaton*
                  Marcos Beaton
                  Florida Bar No. 573787
                  Black, Srebnick, Kornspan & Stumpf, PA
                  201 S. Biscayne Blvd., Suite 1300
                  Miami, FL 33131
                  Tel: (305) 371-6321
                  Email: MBeaton@royblack.com

Bradley Horenstein  
Florida Bar No. 0096000  
The Horenstein Firm, PA  
40 NW 3rd St.  
PH1  
Miami, FL 33128  
Tel: (786) 444-2723  
Email: brad@thehorensteinfirm.com

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on June 26, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ *Marcos Beaton*
Marcos Beaton

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**<u>CASE NO. 17-60301-CR-WPD(s)</u>**

**UNITED STATES OF AMERICA**

**v.**

**ANDRES MENCIA,**

    **Defendant.**
_____/

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>**

Members of the Jury:

It is my duty to instruct you on the rules of the law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**<u>Dispensation or Distribution of Controlled Substances by Physician</u>**

It is a Federal crime for anyone to dispense or distribute controlled substances.  But special circumstances apply when the Defendant is a physician accused of illegally dispensing or distributing controlled substances by issuing drug prescriptions.  Such a Defendant can be found guilty of this crime only if the government proves all the following facts beyond a reasonable doubt:

(1)  That the Defendant dispensed or distributed a controlled substance;

(2)  That the Defendant acted knowingly and intentionally; and

(3)  That the Defendant's actions were not for legitimate medical purposes in the usual course of his professional medical practice or were beyond the bounds of medical practice.

Eleventh Circuit Pattern Criminal Jury Instuctions O98 (2016);

23 C.F.R. § 1306.04(a);

*United States v Hurwitz*, 459 F.3d 463, 475 (4th Cir.2006).

## **Good Faith Defense**

The Defendant asserts that he acted in good faith in attempting to treat his patients and prescribe controlled substances. A doctor's good faith is relevant to a determination of whether the doctor acted outside the bounds of medical practice or, instead, with a legitimate medical purpose when prescribing controlled substances. Because of the fluidity (flexibility) of the boundaries of acceptable medical practice and the applicable standard of care, some latitude must be given to a doctor trying to determine the current boundaries of acceptable medical practice. Thus, even if a doctor's treatment and prescription practice fall below what you determine to be the applicable standard of care, the doctor should not be held criminally liable if the doctor acted with a reasonable good faith belief that his treatment prescription of controlled substances complied with the applicable standard of care. Accordingly, even if you find that the Defendant acted below what you determine to be the applicable standard of care in treating his patients and prescribing them controlled substances, you must find him not guilty of unlawful dispensation or distribution of controlled substances unless you find that the government proved beyond a reasonable doubt that the doctor's treatment and prescription of controlled substances were not undertaken with a reasonable good faith belief that he was acting with a legitimate medical purpose and according to the generally recognized and accepted standard of care.

See **United States v. Hurwitz**, 459 F.3d 463, 476-80 (4th Cir. 2006); **United States v. Alerre**, 430 F.3d 681,692 (4th Cir. 2005);

**United States v. Merrill**, 513 F.3d 1293, 1306 (11th Cir. 2008);

**United States v. Hughes**, 895 F.2d 1135, 1141-42 (6th Cir. 1990); **United States v. Carroll**, 518 F.2d 187, 189 (6th Cir. 1975);

**United States v. Vamos**, 797 F.2d 1146, 1151 (2d Cir. 1986);

*United States v. Hayes*, 794 F.2d 1348, 1351-52 (9th Cir. 1986);

*United States v. Norris*, 780 F.2d 1207, 1209 n.2 (5th Cir. 1986).

## **Legitimate Medical Purpose and Usual Course of Medical Practice:**
## **Standard of Care**

To convict the Defendant of unlawfully dispensing or distributing controlled substances, the Government must prove beyond a reasonable doubt that the Defendant was not acting "for legitimate medical purposes in the usual course of his professional medical purpose" or "beyond the bounds of medical purpose." This requires you to measure the Defendant's conduct against the prevailing standard of care or practice within the Defendant's professional community. Such a standard of care is determined from the laws, rules, and guidelines which govern the Defendant's medical practice where he works. There is no uniform national standard. Accordingly, you should look to the laws, rules, and guidelines that exist in Florida where the Defendant was licensed to, and did, practice medicine.

21 C.F.R. 1306.04(a);

*Gonzalez v. Oregon*, 546 U.S. 243, 270, 126 S.Ct. 904, 923 (2006) (Controlled Substances Act "manifests no intent to regulate the practice of medicine generally);

*United States v. Moore*, 423 U.S. 122, 140-41 (1975) (federal Controlled Subtances Act contemplates that physicians are authorized by the State to practice medicine and dispense drugs);

*United States v. Tobin*, 676 F.3d 1264, 1275 (11th Cir. 2012) (Act "manifested [Congress's] intent to leave it to the states to define the applicable standards of professional practice");

*United States v. Joseph*, 709 F.3d 1082, 1094-95 (11th Cir. 2013).

## **Standard of care:  Physician or Drug Pusher**

In determining whether the Government has proven beyond a reasonable doubt that the Defendant dispensed or distributed controlled substances "outside the usual course of professional medical practice and without a legitimate medical purpose," you should consider whether, by failing to abide by the applicable standard of care, he left the role of medical doctor and became a drug "pusher."  If you find beyond a reasonable doubt that the Defendant failed to abide by the applicable standard of care and, in effect, became a drug "pusher," you should find him guilty of unlawfully dispensing or distributing controlled substances as charged in Count 3.

*United States v. Moore*, 423 U.S. 122, 143, 96 S.Ct. 335, 345 (1976);

*United States v. Joseph*, 709 F.3d 1082, 196 (11th Cir. 2013);

*United States v. Kohli*, 847 F.3d 483, 489-90 (7th Cir. 2017);

*United States v. MacKay*, 715 F.3d 807, 827-28 (10th Cir. 2013);

*United States v. Smith*, 573 F.3d 639, 648-49 (7th Cir. 2009); *United States v. Chube II*, 538 F.3d 693, 698 (7th Cir. 2008).

**Standard of Care: Applicable Florida Statutes, Rules, Guidelines**

The Defendant was a medical physician licensed and practicing in the State of Florida. Accordingly, Florida statutes, rules, and guidelines establish the standard of care at, or above, which the Defendant must practice medicine. As you recall, you may only find the Defendant guilty of unlawfully dispensing or distributing controlled substances if the Government proves beyond a reasonable doubt that he acted below the applicable standard of care.

The following are some of the important laws, rules, and guidelines that applied to the Defendant as a Florida physician and established the applicable standard of care:

### **Civil Rights, Health Care Advance Directives, Pain Management and Palliative Care.**

In Florida, every competent adult has a fundamental right to self-determination regarding decisions pertaining to his or her own health, including the right to choose or refuse medical treatment. This right is subject to certain interests of society, such as the protection of human life and the preservation of ethical standards in medical profession. Palliative care is the comprehensive management of the physical, psychological, social, spiritual, and existential needs of patients. It includes an assurance that physical and mental suffering will be carefully attended to. Licensed health care providers and practitioners must comply with a request for pain management or palliative care from a patient under their care. A health care provider is not subject to criminal prosecution or civil liability, and will not be deemed to have engaged in unprofessional conduct, as a result of carrying out a health care decision made in accordance with these provisions. Sections 765.102(1), 765.109(1), 765.1103(2), Florida Statutes.

## **<u>Florida Patient's Bill of Rights and Responsibilities</u>**

Florida residents enjoy the certain rights to health care to promote the interests and well-being of the patients of health care providers and health care facilities. This includes the right to access any mode of treatment that is, in his or her own judgment and the judgment of his or her health care practitioner, in the best interests of the patient.

Section 381.026(3), (4)(d)(3), Florida Statutes.

## **Medical Practice, Intractable pain; authorized treatment**

Intractable pain means pain means pain for which, in the generally accepted course of medical practice, the cause cannot be removed or otherwise treated.  Notwithstanding any other provision of law, a physician may prescribe or administer any controlled substance under Schedules II-V to a person for the treatment of intractable pain, provided the physician does so in accordance with that level of care, skill, and treatment recognized by a reasonably prudent physician under similar conditions and circumstances.

Section 458.326(1), (3), Florida Statutes.

## **Workers' Compensation, Medical services**

Whenever a Florida physician provides care in the context of Workers' Compensation, he shall provide such care on the premise that returning to work is an integral part of the treatment plan.  He shall provide any and all such medically necessary service or treatment that is appropriate to the patient's diagnosis and status of recovery, and is consistent with the location of service, the level of care provided, and applicable practice parameters.  The service must be widely accepted among practicing health care providers, based on scientific criteria, and determined to be reasonably safe.  The care shall utilize a high intensity, short duration treatment approach that focuses on early activation and restoration of function whenever possible.

Section 440.13(1)(k), (15)(b), (c), Florida Statutes.

**Board of Medicine Standards for Use of Controlled Substances for Pain Treatment**

The Board of Medicine recognizes that principles of quality medical practice dictate that the people of the State of Florida have access to appropriate and effective pain relief.

The Board encourages physicians to view effective pain management as a part of quality medical practice for all patients with pain, acute or chronic. Fears of investigation or sanction by federal, state, and local regulatory agencies may also result in inappropriate or inadequate treatment of chronic pain patients. Physicians should not fear disciplinary action from the Board or other state regulatory or enforcement agencies for prescribing or dispensing, or administering controlled substances including opioid analgesics, for a legitimate medical purpose and that is supported by appropriate documentation establishing a valid medical need and treatment plan.

The Board will consider prescribing, ordering, administering, or dispensing controlled substances for pain to be for a legitimate medical purpose if based on accepted scientific knowledge of the treatment of pain or if based on sound clinical grounds. Each case of prescribing for pain will be evaluated on an individual basis. The Board will not take disciplinary action against a physician for failing to adhere strictly to the provisions of these standards, if good cause is shown for such deviation.

Florida Administrative Code Rule 64B8-9.013.

Entrapment

"Entrapment" occurs when law-enforcement officers or others under their direction persuade a defendant to commit a crime that the defendant had no previous intent to commit. The Defendant has claimed to be a victim of entrapment regarding the charged offenses. The law forbids convicting an entrapped defendant. But there is no entrapment when a defendant is willing to break the law and the Government merely provides what appears to be a favorable opportunity for the defendant to commit a crime. For example, it's not entrapment for a Government agent to pretend to be someone else and offer – directly or through another person – to engage in an unlawful transaction. So a defendant isn't a victim of entrapment if you find beyond a reasonable doubt that the government only offered the defendant an opportunity to commit a crime the defendant was already willing to commit. But if there is a reasonable doubt about whether the Defendant was willing to commit the crime without the persuasion of a Government officer or a person under the Government's direction, then you must find the Defendant not guilty.

ANNOTATIONS AND COMMENTS 2 See United States v. Davis, 799 F.2d 1490, 1493-94 (11th Cir. 1986). See also United States v. King, 73 F.3d 1564, 1569-71 (11th Cir. 1996), cert. denied, 519 U.S. 886, 117 S. Ct. 220, 136 L. Ed. 2d 153 (1996). However, in Jacobson v. United States, 503 U.S. 540, 112 S. Ct. 1535, 118 L. Ed. 2d 174 (1992), the Supreme Court held that the necessary predisposition of the Defendant must have existed before the Defendant was approached by Government agents or cooperating informants, and in United States v. Brown, 43 F.3d 618, 628 n.8 (11th Cir. 1995), cert. denied, 516 U.S. 917, 116 S. Ct. 309, 133 L. Ed. 2d 212 (1995), the Court of Appeals upheld the sufficiency and correctness of the former instruction but implied that clarification might be appropriate in the light of Jacobson. The present reformulation of the

instruction on entrapment makes that clarification.