UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                           CASE NO. 17-60301-CR-DIMITROOLEAS

      Plaintiff,
.
Vs.

ANDRES MENCIA,

      Defendant,
_____/

**ORDER DENYING MOTION**

THIS CAUSE is before the Court on Defendant Mencia's June 22, 2020 Motion to Modify Sentence for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i) [DE-292, 293]. The Court has considered the Government's June 26, 2020 Corrected Response [DE-296], Mencia's July 6, 2020 Reply [DE-297], the court file and Pre-Sentence Investigation Report (PSIR) and having presided over the trial of this cause, finds as follows:

    1. On May 3, 2018, Mencia was indicted and charged in a Fifth Superseding Indictment with eleven felonies [DE-97].

    2. On June 29, 2018, Mencia was found guilty of Conspiracy to Dispense Oxycodone [DE-171].

    3. On September 7, 2018, Mencia was sentenced to 78 months in prison. [DE-253].

    4. An appeal is pending.

    5. In this current motion, Mencia seeks a compassionate release or a release to home confinement.

    9. Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court has considered the applicable factors in 18 U.S.C. § 3553(a) and the applicable Sentencing Guidelines Policy Statements. The Court exercises discretion and finds that relief is not appropriate.

10. Defendant is 67 years old and has served about one-third of a seventy eighty (78) month sentence. He has alleged that the warden has denied his request or not acted on it for thirty (30) days. Assuming the Court has jurisdiction[1], the Court does not find that there are extraordinary and compelling reasons to warrant any relief. Knee swelling, high blood pressure[2], age, severe weight loss, lack of proper nutrition, a weak heart, painful dental issues, and neck pain[3], as alleged in this case, have not been shown, at least to this court, to rise to the level of an extraordinary and compelling reasons for relief. Such relief would not promote respect for the law or act as a deterrent. This Court does not find that COVID 19 conditions at the prison warrant relief. *See, U.S. v. Raia,* 954 F. 3d 594, 596-97 (3rd Cir. 2020). The Court is not comfortable utilizing the First Step Act as an authorization for the Court to become a *de facto* parole board. The decision to place someone on home confinement is normally one properly made by the Bureau of Prisons. *See, U.S. v. Murchison,* 865 F.3d 23, 28 (1st Cir. 2017). This Court has, over the BOP's and government's objections, granted compassionate releases when there are truly extraordinary and compelling reasons shown; this is not such a case. The Court does not deem a furlough to be appropriate.

Wherefore, Mencia's Motion for Compassionate Relief [DE-292] is Denied.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of July, 2020.

*(signature)*
WILLIAM P. DIMITROULEAS
United States District Judge

---

[1] The BOP's denial of relief gives this Court discretion; it does not control how that discretion is utilized.
[2] Mencia cites to three blood pressure readings which he classifies as high; 135/80; 141/81; and 161/84. On November 7, 2018, his blood pressure was 128/72 [DE-297-1, p. 5]. It does not appear that Mencia's blood pressure readings have resulted in blood pressure medicine being prescribed.
[3] Less than two years ago, it was reported that Mencia was in good health with a fungal infection and herniated discs in his neck. [DE-242, p. 18].

Copies furnished to:

Counsel of Record